**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-1974**

───────────────

SUNDAY EGAHI,

        Plaintiff - Appellant,

    v.

MERRICK GARLAND, Attorney General of the United States; ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; DANIEL M. RENAUD, Director of the USCIS Vermont Service Center; SUSAN DIBBINS, Director, USCIS Administrative Appeals Office; UR JADDOU, Director, United States Citizenship & Immigration Services (USCIS),

        Defendants - Appellees.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Lydia Kay Griggsby, District Judge. (1:21-cv-02938-LKG)

───────────────

Submitted: January 30, 2024                    Decided: February 2, 2024

───────────────

Before KING, AGEE, and THACKER, Circuit Judges.

───────────────

Remanded by unpublished per curiam opinion.

───────────────

Simon Yehuda Sandoval-Moshenberg, MURRAY OSORIO PLLC, Fairfax, Virginia, for Appellant. Shane Alan Young, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sunday Egahi seeks to appeal the district court's order granting Defendants' motion to dismiss Egahi's civil action filed under the Administrative Procedure Act. Defendants move to dismiss this appeal for lack of jurisdiction, asserting that the notice of appeal was not timely filed. Egahi opposes dismissal.

When the United States or its officer or agency is a party in a civil case, parties are accorded 60 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its dispositive order on July 12, 2023. Egahi did not file his notice of appeal until September 12, 2023—the day after the appeal period expired, but within the 30-day excusable neglect period. While he did not request an extension of the appeal period in the pro se notice of appeal, Egahi's counseled response in opposition to Defendants' motion to dismiss expressly seeks additional time to appeal and offers reasons to excuse the untimely filing.

We construe Egahi's response as a motion for an extension of time under Rule 4(a)(5) and remand the case to the district court for a determination of whether Egahi has

2

shown excusable neglect or good cause warranting an extension of the appeal period.[*] The

record, as supplemented, will then be returned to this court for further consideration. We

defer acting on Defendants' motion to dismiss.

<em>REMANDED</em>

---

[*] Under Rule 4(a)(5), the district court may extend the time to appeal if (i) a party moves for an extension of time within 30 days of the expiration of the appeal period and (ii) shows excusable neglect or good cause.